# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**COMPLAINT FORM**



Wayne Kernochan

Full name(s) of Plaintiff(s)
(Do not use *et al.*)

v.

Case No. _____
(To be supplied by the Court)

MrBallen LLC d/b/a Ballen Studios

Michael Rothwell

Ryan Cantu

Full names of Defendant(s)
(Do not use *et al.*)

## A. PARTIES

1. Wayne Kernochan _____ is a citizen of Connecticut _____ who
   (Plaintiff)                                    (State)
   presently resides at 12 Oak Avenue Extension #2. Torrington, Ct 06790 .
                       (mailing address)

2. Defendant MrBallen LLC _____ is a citizen of Delaware _____
            (name of first defendant)                        (State)
   whose address is 614 N. Dupont Hwy Ste 210. Dover, Delaware 19901 .

3. Defendant <u>Michael Rothwell</u> is a citizen of <u>Washington</u>
   (name of second defendant)                    (State)

whose address is <u>200 Broadway Suite 301. Seattle, Washington 98122-7435</u>.

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's identity and complete address.)

## B. JURISDICTION

The jurisdiction of this court is invoked pursuant to: (list statute(s))

28 US code 1331 and 1338(a)

28 US Code 1400(a)

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

Pro Se complaintant Wayne Kernochan hereby alleges for his complaint the following:

1. This is an action to remedy Defendants' violation of Plaintiff's copyrighted work.

2. This court has subject matter jurisdiction persuant to 28 US Code 1331 and 1338 (a.)

3. This court has personal jurisdiction over defendants because defendants have maintained sufficient minimum contact such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

4. Venue is appropriate in this court persuant to US Code 28 1400 (a) because defendants by virtue of being subject to this court's personal jurisdiction, may be found in this district. See Cavu Releasing v Fries, 419, supp. 2d 388, 394 ( S.D.N.Y. 2005 ) ( "A defendant 'may be found' wherever that person is amenable to personal jurisdiction.") (Quoting 28 US Code 1400 (a)

2

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:** Copyright Infringement

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

1. In 1978 the plaintiff, then an eighth grade student, was enrolled in the Elan School in Poland Springs, Maine. The Elan School was a for profit boarding school which advertised itself as a last hope for troubled teens. In 2011, Elan's reputation for abuse and a web campaign by former student closed it's doors.

2. In 2010, plaintiff authored an original manuscript about his experiences at the Elan School, which was published by Amazon Kindle Direct Publishing in 2010, A Life Gone Awry: My Story of the Elan School. It was part of that campaign.

3. The work was registered to the plaintiff with the register of copyrights on 05/05/2025 and was assigned registration number TX9-533-795. A true and correct copy pertaining to the work is attached as ( Exhibit A.)

4. Plaintiff is the owner of this work and has remained the owner at all times pertaining to this action. See. ( D CAUSE OF ACTION.)

**Claim II:** Negligent Infliction of Emotional Distress

Supporting Facts:

3

The Plaintiff repeats and realleges the foregoing paragraphs set forth herein

1.) Defendant Cantu should have foreseen that posting the video without permission would cause mental distress which could result in illness or bodily harm.

2.) Defendant MrBallen should have foreseen that it's behavior in sending Youtube the Rothwell Letter could result in mental distrss which could cause illness and bodily harm.

3.) Plaintiff suffered severe emotional and physical distress, caused by defendants actions.

4.) Plaintiff's mental distress has resulted in illness and bodily harm.

### E. REQUEST FOR RELIEF

WHEREFORE, plaintiff demands: (state the relief you seek)

a) A declaration that defendants infringed on Plaintiff's copyrighted work.

b) A Declaration that such infringement is willful.

c) An award of actual damages of $150,000 for each infringement of the work and disgorgement of profits as the court deems proper.

d.) A declaration that the defendants caused mental and physical distress.

e) An award of treble damages for multiple violations and mental and physical distress caused by the defendants actions, should the court deem it just and proper.

f) Award plaintiff costs pursuant to 17 US Code 505.

### F. JURY DEMAND

Do you wish to have a jury trial?   Yes           No   no

_____
Original signature of attorney (if any)

self
_____
Printed Name

12 Oak Avenue Extension #2. Torrington, Ct. 06790


( )
Attorney's full address and telephone


Email address if available

_Wayne Kuehn_ (signature)
**Plaintiff's Original Signature**

Wayne Kernochan
Printed Name




(413) 769-4927
Plaintiff's full address and telephone

Waynekernochan@gmail.com

Email address if available


## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at  Torrington, Ct   on  09/15/2025  .
            (location)                (date)

_Wayne Kuehn_ (signature)
**Plaintiff's Original Signature**


(Rev.3/29/16)

5

# D. Cause of Action

Wayne Kernochan v MrBallen LLC, Michael Rothwell and Ryan Cantu
( D. CAUSE OF ACTION.)

5.) Unbeknownst to Plaintiff, on or about September 21, 2021, Defendant Cantu posted a video to his Youtube Account entitled "The Cult in a Boarding School.' *See* https://www.youtube.com/watch?v=7eM7pb5M5DU

6.) The video uses Mr. Kernochan's full name to begin, and narrates his first chapter, including details of a troubled youth who is being abused at home, a phone call from his doctor, a plane ride to Portland and van ride to the Elan School. Writers call the beginning of a story, "The hook." Mr. Cantu took the most important element from A Life Gone Awry and used it to interest the audience in his video. It clearly crosses the boundaries of Fair Use.

7.) Defendant Rothwell states under oath that the plaintiff's name was only used twice in the first minute and his full name is never used. Plaintiff's full name is used twice and his first name is used five times. True and correct screenshot evidence is attached as Exhibit B.

8.) Mr. Rothwell also claims no images from the book were used, but the book cover is used. A true and correct screenshot is attached as Exhibit C.

9.) As of a visit to the Account on September 1, 2025, the Video was prominently displayed on the home screen under a subsection called "Popular Videos" and is described as having been viewed 9.7 million times.

10.) Defendant Cantu has 3.75 million subscribers to the Account, including subscribers in the state of Connecticut.

11.) Defendant Cantu generated and continues to generate substantial revenue from subscribers to the Account and viewers of the Account's content, including the Video.

2

Wayne Kernochan v MrBallen LLC, Michael Rothwell and Ryan Cantu
( D. CAUSE OF ACTION.)

12.) Defendant Cantu advertises the Account primarily through Mrballen LLC's website https://ballen.lnk.to/latenightswithnexpo) as well as, X ( Formerly Twitter) https://x.com/nexpoyt?lang=en. Instagram https://www.instagram.com/iamnexpo/. Patreon, https://www.patreon.com/Nexpo. And Facebook, https://www.facebook.com/NexpoYT.

13.) MrBallen LLC advertises primarily through its website ( https://ballenstudios.com/ ) as well as Youtube  ( https://www.youtube.com/@MrBallen ), Wondry https://wondery.com/links/mrballen-podcast-strange-dark-https:. Instagram /www.instagram.com/mrballen/#mysterious-stories/?ol=am   and  Twitter twitter.com/mrballen .

14.) As of a visit to Mrballen LLC's website on September 1, 2025, Defendant Cantu's YouTube Channel was prominently displayed on the home screen with a link to the account https://www.youtube.com/@Nexpo

15.) Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with the advertising of its business or for any other purpose.

16.) Defendants utilized the Work for commercial use—namely, in connection with marketing and enticing subscribers to the Account and to other products marketed by Defendant Mrballen LLC.

Wayne Kernochan v MrBallen LLC, Michael Rothwell and Ryan Cantu
( D. CAUSE OF ACTION.)

17.) On or about January 25, 2025, Plaintiff discovered the Video. Plaintiff promptly contacted Defendant Cantu through the Account to notify Defendant Cantu that Plaintiff was aware of Defendant Cantu's infringement of the Work.

18.) Shortly thereafter, Defendant Cantu removed the Video from the Accounts.

19.) On or about February 4, 2025, YouTube shared with Plaintiff a counter notification letter from Mrballen LLC's Chief Legal Officer Michael Rothwell, (the "Rothwell Letter"). Exhibit D

20.) The Rothwell Letter included several misstatements about the Video and denied that the Video infringed the Work. The Rothwell Letter also disparaged Plaintiff as Bizarre, mentally incompetent, and by referring to Plaintiff by an anti-Semitic slur.

21.) The Rothwell Letter also admits damages in his Fair Use argument, point number four states, "The video does not replace the book nor serves as a substitute. In fact it likely acts as a complementary piece that could drive viewers to seek out Mr. Kernochan's book for a deeper understanding, potentially increasing his market rather than diminishing it."

22.) Because the Video did not include a proper citation to Plaintiff's book, Defendants wrongfully deprived Plaintiff of revenue from book sales to interested viewers of the Video. The link was in a pastebin, on another website, in which the viewer was asked if they wanted to leave Youtube. The book was not mentioned in the video. Todd Nilssen's movie, The Last Stop was credited in the movie as well as 60 Minutes. Plaintiff's book was deliberately kept from the audience.

Wayne Kernochan v MrBallen LLC, Michael Rothwell and Ryan Cantu
( D. CAUSE OF ACTION.)

23.) Defendants caused Plaintiff foreseeable psychological pain and suffering by using painful, personal scenes from the Work in the Video.

24.) On February 14, 2025, YouTube allowed the Video to be reposted to the Account.

25.) Defendants have never attempted to negotiate a reasonable license with Plaintiff for past or existing infringement of the Work.

26.) All conditions precedent to this action have been performed or have been waived.

27.) The Work is an original work of authorship, embodying copyrightable matter, that is subject to the full protection of the U.S. copyright laws (17 U.S.C. § 101 *et seq.*)

28.) Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff to bring this lawsuit and assert the claim(s) herein.

29.) Defendants reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30.) By its actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

Wayne Kernochan v MrBallen LLC, Michael Rothwell and Ryan Cantu
( D. CAUSE OF ACTION.)


31.) Defendants' infringement was willful because they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.

32.) Plaintiff has been damaged as a direct and proximate cause of Defendants' infringement.

33.) Plaintiff is entitled to recover his actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the work, which amounts shall be proven at trial.

34.) Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35.) Defendants' conduct has caused, and any continuing infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.